

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

FILED
JUN 1 4 2022
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

UNITED STATES OF AMERICA )
)
)
v. ) No. 2:22-CR-61
) JUDGE Greer/Wyrick
)
TERRY LEE RIDDLE )

INDICTMENT

COUNT ONE

The Grand Jury charges that on or about January 10, 2022, within the Eastern District of Tennessee, the defendant, TERRY LEE RIDDLE, did knowingly, intentionally, and without authority possess with the intent to distribute a quantity of methamphetamine, its salts, its isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(a)(1).

[21 U.S.C. § 841(a)(1),(b)(1)(C)]

COUNT TWO

The Grand Jury further charges that on or about January 10, 2022, within the Eastern District of Tennessee, the defendant, TERRY LEE RIDDLE, did knowingly possess a firearm in furtherance of a drug trafficking offense as charged in Count One, a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), which is hereby incorporated by reference.

[18 U.S.C. § 924(c)(1)(A)]

## COUNT THREE

The Grand Jury further charges that on or about January 10, 2022, within the Eastern District of Tennessee, the defendant, TERRY LEE RIDDLE, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess firearms, namely, the following:

1. Rossi, .38 caliber revolver;
2. Marlin, model 60, .22 caliber rifle;
3. Remington Arms, double-barrel shotgun;
4. Remington, model 41 bolt-action, .22 caliber rifle;
5. Marlin, model 782 bolt-action, .22 caliber rifle;
6. Remington, model 17, 20-gauge shotgun;
7. High Standard, .22 caliber pistol;

said firearms having been transported in interstate commerce.

[18 U.S.C. § 922(g)(1)]

## **FORFEITURE ALLEGATIONS**

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, as set forth in Count One of this Indictment, the defendant, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of

the offense including, but not limited to, the following:

    a. Rossi, .38 caliber revolver;

    b. Marlin, model 60, .22 caliber rifle;

    c. Remington Arms, double-barrel shotgun;

    d. Remington, model 41 bolt-action, .22 caliber rifle;

    e. Marlin, model 782 bolt-action, .22 caliber rifle;

    f. Remington, model 17, 20-gauge shotgun;

    g. High Standard, .22 caliber pistol; and

    h. Ammunition.

Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922 and/or 924 as set forth in Counts Two and Three of this Indictment, the defendant shall forfeit to the United States any and all firearms and ammunition involved in the commission of the offense, including, but not limited to the following:

    a. Rossi, .38 caliber revolver;

    b. Marlin, model 60, .22 caliber rifle;

    c. Remington Arms, double-barrel shotgun;

    d. Remington, model 41 bolt-action, .22 caliber rifle;

    e. Marlin, model 782 bolt-action, .22 caliber rifle;

    f. Remington, model 17, 20-gauge shotgun;

    g. High Standard, .22 caliber pistol; and

    h. Ammunition.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

TRUE BILL:



FOREPERSON

FRANCIS M. HAMILTON III
United States Attorney

By: /s/ GREGORY BOWMAN
Assistant U.S. Attorney